JOHN M. GREENMAN v. BOARD OF COUNTY COMMISSIONERS OF MOWER COUNTY.[1]

Nov. 14, 1895.

Nos. 9486—(37).

**Counties—Construction of Bridges.**

Sp. Laws 1885, c. 175, gives the county commissioners of Mower county authority to construct a public bridge within the corporate limits. of the city of Austin when the cost of construction of such bridge exceeds $100, and to pay for the same out of the county funds.

Appeal by plaintiff from a judgment of the district court for Mower county, entered in pursuance of the order of Whytock, J. Affirmed.

*J. M. Greenman* and *French & Wright*, for appellant.

*S. D. Catherwood* and *Kingsley & Shepherd*, for respondent.

CANTY, J. Plaintiff, a taxpayer of Mower county, brought this action to enjoin the county commissioners of that county from constructing a public bridge within the corporate limits of the city of Austin in that county, and paying therefor out of the county funds. Defendants answered, and plaintiff demurred to the answer, on the ground that it did not state facts sufficient to constitute a cause of action. The court below overruled the demurrer, and ordered judgment thereon for defendant. Plaintiff appeals from the judgment entered accordingly.

The city of Austin was incorporated by Sp. Laws 1876, c. 1. Section 1 of subchapter 7 of that act provides:

"Section 1. The common council of said city shall have the care, supervision and control of all the highways, bridges, streets, alleys, public squares and grounds within the limits of the city, and shall have the power to build and keep in repair bridges and the approaches to the same, lay out, open, alter, vacate public squares, highways, streets, lanes, and alleys, and widen or straighten the same."

Plaintiff contends that this gives to the city of Austin the exclusive authority to build such a bridge, and throws upon the city the expense of such construction.

[1] Reported in 64 N. W. 1142.

But there has been subsequent legislation. Sp. Laws 1885, c. 175, provides:

"Section 1. The county commissioners of the county of Mower shall construct, build and keep in repair all bridges built in said county, except where the cost and expense shall be less than one hundred (100) dollars.

"Sec. 2. The county commissioners of said county shall have the general supervision of all bridges except where the cost and expense is less than one hundred (100) dollars; and shall have the power to appropriate such sums of money from the county treasury as shall be necessary to build, construct and keep in repair such bridges."

Section 9, subc. 7, c. 24, Sp. Laws 1887, entitled "An act to amend and consolidate the charter of the city of Austin," reads as follows:

"Sec. 9. All bridges in said city, whatever the form or material used in the construction thereof, shall, together with the guards and embankments connected therewith, and the immediate approaches thereto, which form a necessary part of the same, and also all such bridges crossing railway tracks, and the approaches thereto, or any portions thereof, as shall not be chargeable to any railway company, or the county of Mower, or any town, be built, maintained and kept in repair by the city, as a general city charge; and all other expenses connected with the opening, grading, and keeping in repair streets, lanes, alleys, highways and thoroughfares shall be paid from the general fund except where other provisions are made therefor."

It appears that the cost of the bridge in question is more than $100, to wit, $5,000.

We are of the opinion that the act of 1885 indicates an intention on the part of the legislature to vest in the county commissioners authority to build public bridges in the city of Austin, the cost of which will exceed $100, and to pay for the construction of the same out of the county funds. The amendments of 1887 to the city charter also clearly contemplate the existence within the corporate limits of bridges under the control of the county commissioners. The act of 1885 is a special law, as well as the act of 1876; and whether the former act repeals by implication the latter so far as it vested in the city authorities power to build and pay for bridges within the corporate limits costing more than $100, or whether, for that purpose,

there is concurrent power in the county commissioners and the city authorities, it is not necessary here to decide.

This disposes of the case, and the judgment appealed from is affirmed.